RACHEL C. ODELL, Respondent, *v.* THE NYACK WATER WORKS COMPANY, Appellant.

*Torts — causing a reservoir, by closing its customary outlet, to overflow by a subterranean passage into a neigboring well.*

While the right of the owner of real property is unlimited in point of duration, it is not so in the manner of enjoyment, and a person is bound to use his property in such a manner as not to infringe upon the rights of others.

He has a legal right to maintain a reservoir upon his premises, but is bound to use and guard it in such a manner that it will not become a source of annoyance or damage to others.

In an action brought to enjoin the defendant from permitting waters from its reservoir to flow back upon the premises of the plaintiff and into her well, and to prevent the defendant from continuing its stoppage of the usual overflow from its reservoir and for damages, it appeared that the plaintiff was in possession of real property in a village, upon which there was a well; that upon adjoining property belonging to the defendant there was a large reservoir and also a well, which latter well was between the reservoir and the well of the plaintiff; that there was a natural subterranean passage from the plaintiff's well connecting these bodies of water, and that through this passage the surplus water of the plaintiff's well flowed away in a northwesterly direction; that the defendant closed an overflow pipe from the reservoir upon its north side; that this caused the reservoir to overflow at its southwest corner, with the result that waters were forced back through the subterranean channel into the plaintiff's well, greatly damaging it and also injuring her premises.

*Held,* that the action could be maintained and did not in any manner depend upon the rights of contiguous landowners in and to subterranean waters;

That the wrong of the defendant consisted in the fact that it had destroyed the plaintiff's well by overflowing it with water from its reservoir.

APPEAL by the defendant, The Nyack Water Works Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 29th day of May, 1895, upon the verdict of a jury rendered after a trial at the Rockland Circuit, and upon the decision of the court, the trial having been continued and finished before him; and also from an order entered in said clerk's office on the 9th day of July, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Lexow & Wyre,* for the appellant.

*Arthur S. Tompkins,* for the respondent.

PRATT, J. :

This was an equity suit to enjoin the defendant from permitting certain waters from the reservoir owned by the defendant to overflow back upon or against the plaintiff's premises, or into a well belonging to the plaintiff, and from in any manner interfering with the plaintiff's use and enjoyment of her premises or any part thereof, and from continuing the stopping of the usual overflow from said reservoir in a northerly direction, and also for damages for injury caused by the overflow of the defendant's reservoir upon the premises and into the well of the plaintiff.

Certain questions of fact were submitted to a jury, and also the question of damages. The jury found a verdict for the plaintiff, and assessed the damages at the sum of $1,346. After the rendition of the verdict the trial was continued and finished before the justice who tried the cause, and findings of fact and conclusions of law were made by him, and a judgment entered thereon. A motion was made for a new trial upon the minutes upon all the grounds mentioned in section 999 of the Code of Civil Procedure, which motion was denied.

We were not favored in this case with any argument or brief by the appellant, but notwithstanding that we have examined the case and are satisfied that the findings of fact made by the trial judge are supported by the evidence, and that the conclusions of law are justified by those findings.

We have also examined the exceptions in the case, and find no error sufficient to warrant a reversal of the judgment.

We think the case was decided upon its merits, and that the judgment must be affirmed.

BROWN, P. J., concurred.

DYKMAN, J. :

This is an appeal by the defendant from a judgment entered upon the decision of the court, rendered upon findings of fact and conclusions of law made and signed after the verdict of a jury upon certain questions of fact submitted to it, and from an order denying a motion for a new trial made upon the minutes of the court.

The facts in this case, as found by the trial judge after the rendition of the verdict of the jury at the Circuit in favor of the plain-

tiff for $1,346, are as follows : The defendant is a domestic corporation. On the 31st day of October, 1894, the plaintiff was the lessee and in possession of certain real property in the village of Nyack, upon which there was a well of water about thirty-two feet deep. The defendant, on the 31st day of October, 1894, was the owner of certain real property adjoining the premises of the plaintiff in the village of Nyack upon which premises of the defendant there was a large reservoir of water, and also southerly therefrom a well of water, which well is located between the plaintiff's well and the defendant's said reservoir. On the 31st day of October, 1894, and for some time prior thereto, there was a natural subterranean channel or passage extending from the plaintiff's well, through which there had been accustomed to flow, in a northwesterly direction, a natural stream of water. On the 31st day of October, 1894, the defendant closed and stopped up the overflow pipe on the north side of its reservoir, thereby preventing the water from flowing out of the reservoir in the usual and ordinary manner, and filled said reservoir beyond its usual quantity and condition, and caused the water from the reservoir to overflow its bank at the southwest corner thereof, and thereby caused the waters to overflow the well upon the defendant's premises, and in that manner unlawfully and wrongfully forced waters from said reservoir through said subterranean watercourse into and upon the plaintiff's premises in large quantities, and into the plaintiff's said well, causing the wall and arch of the plaintiff's well to loosen, cave in and break, injuring the plaintiff's premises. The court also found that the defendant, by its said acts, had caused water from its reservoir to flow in large quantities through the seams in the rock and through the subterranean watercourse in a southwesterly direction and in an unnatural and unusual manner, from its said reservoir and well, to and into the plaintiff's well, causing the injuries aforesaid, in the manner and to the extent found by the jury as aforesaid. That a continuance of the defendant's acts or a repetition thereof would interfere with the plaintiff's use and enjoyment of her said premises and cause irreparable damage to her.

As a conclusion of law the trial judge found that the acts of the defendant were wrongful and constituted a trespass ; that the plaintiff was entitled to judgment against the defendant for the amount

of the verdict of the jury, to wit, $1,846, and forever restraining and enjoining the defendant, its officers and servants, from causing or permitting the waters from its said reservoir to flow back or upon the plaintiff's premises, or into or against her said well, and from in any manner interfering with her use and enjoyment of her said premises, or any part thereof, together with the costs of the action and an allowance of five per cent on the verdict.

These findings, as well as the verdict of the jury, are well sustained by the evidence, and they must constitute the basis of our decision. They show the plaintiff in the lawful possession of a well of water, supplied from subterranean sources, and her right to the same cannot be invaded with impunity. The case does not require the examination or determination of the rights of contiguous landowners in subterranean waters, for the wrong of the defendant consisted in destroying the well of water of the plaintiff by overflowing it with water.

The defendant's liability is imposed by the principle of law which requires persons so to use their property as not unnecessarily to injure their neighbor.

While the right of the user of property is unlimited in point of duration, it is not so in point of enjoyment; on the contrary, the right of user is limited by the rights of all other persons.

The maxim, *sic utere tuo ut alienum non laedas*, holds a prominent place in the law of property. While the defendant has the legal right to maintain a reservoir upon its premises, it was bound to so use and guard the same that it would not become a source of annoyance or damage to the plaintiff and others.

The law of the case was correctly given to the jury by the trial judge, and the exceptions to the charge present no error. The same may be said respecting the findings of the trial judge subsequent to the rendition of the verdict.

The judgment and order denying the motion for a new trial should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.